[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on October 17, 1992 at Milford, Connecticut. They have resided continuously in this state since that time. There are two children of this marriage: Jessica M. May, born November 12, 1983, the plaintiff s child adopted by the defendant; and Victoria F. May, issue of the marriage, born July 25, 1993.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84 C.G.S. in reaching the decisions reflected in the orders that follow.
The parties have been married a little less than four years. The plaintiff is 33 years of age and in good health. She is a Yale graduate and has a master's in marriage and family therapy. She is just starting out in her chosen profession. She is starting new employment in August earning $10.50 an hour for a 35 hour week. It is anticipated that her earnings will substantially increase over the next few years. In addition, the plaintiff is a freelance contributor to a local newspaper earning approximately $62 net per week.
The defendant is 28 years of age and in good health. He completed two years of college and is presently employed as an associate engineer for a Bridgeport company. He earns approximately $32,632 per year plus a Christmas bonus and some CT Page 7385 overtime.
The defendant's mother has been financially generous to the parties during their marriage. She assisted the parties financially when they sold their marital home in West Haven. She also assisted the parties financially when they purchased her mother s home in Milford. The defendant's mother gave the plaintiff and the defendant a mortgage in the amount of $120,000 to purchase this home located at 147 Bryan Hill Road, Milford. This mortgage is in arrears as a result of the failure of the defendant to comply with the pendente lite orders. Karin May, the holder of the note, has commenced foreclosure proceedings against both parties, said foreclosure action being instituted after the dissolution case was started. Although prior to the dissolution case there were several occasions when the parties were late on their monthly payments, no action was taken. This court finds that but for the dissolution action being commenced, Karin May would not have started foreclosure proceedings. As of December 31, 1996, the parties were $137 short in their mortgage payments. As of December 9, 1996, the defendant was ordered pendente lite to pay the mortgage. The defendant is in arrears on this order, as of July 1, 1997, in the amount of $850.
During the pendency of the foreclosure case and during the time that the defendant was not complying with the pendente lite court order as to the payment of the mortgage, the defendant s mother, Karin May, was advancing monies to the defendant for his gas, et cetera. The defendant claims this as a loan from his mother. Since the parties purchased this property, there have been occasions when the plaintiff and the defendant were late in making their payments or paid less than the required amount. However, Karin May continued to assist the parties financially by paying their car repairs, insurance and tuition during the same time period.
The defendant's mother has tried to use the foreclosure action as a bargaining chip in the dissolution case, notwithstanding her previous financial assistance to the parties.
The parties have lived from paycheck to paycheck. They have no savings and had no funds for the real estate taxes which were due January 1, 1997. The second half of the real estate taxes due July 1, 1997 have not been paid. The marital home needs a new roof and repair work to some stairs. Neither party has the funds to do these repairs. CT Page 7386
The plaintiff has excellent reasons for wanting to remain in the marital home for the next four years. However, to date, the defendant has been unable to make any arrangements with his mother to resolve the foreclosure action. The plaintiff would need a minimum of $900 per month just for the mortgage, taxes and insurance plus utilities, food and clothing and, unfortunately, the money is not there for either party. The court is allowing the plaintiff to remain in the marital home without any monthly payment to give the plaintiff an opportunity to set money aside for new living arrangements.
The plaintiff came to the marriage with a nine year old child from a previous relationship. The defendant has adopted this child and supported and maintained this child during the marriage.
The parties went to counseling but to no avail. Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of their marital relationship.
CUSTODY AND VISITATION
1. There shall be joint legal custody of the minor children with primary physical residence to the plaintiff. The plaintiff shall confer, consult and discuss with the defendant on all major matters affecting the health, education and welfare of the minor children.
2. The defendant shall have liberal, reasonable and flexible visitation rights with the minor children to include but not be limited to the following:
Alternate holidays;
Two weeks a year to include overnights;
Father's Day;
Such other dates and times as the parties shall agree.
CHILD SUPPORT
The court has considered that this defendant has been at this CT Page 7387 present job for less than two years. It is a non-union shop. Last Christmas his bonus was $155. The defendant may be over-withholding and he does have some overtime which is paid at straight time. The court finds that the defendant has an income of approximately $33,000 per year.
The court enters an award of child support for the two minor children in the amount of $175 per week. The defendant's obligation for support shall continue until each child shall reach the age of 19 years or complete high school, whichever event shall first occur or until the death or emancipation of either child. Said award is in accordance with the child support guidelines
REAL ESTATE
1. It is ordered that the jointly owned marital home located at 147 Bryan Hill Road, Milford, Connecticut be placed on the market forthwith and listed for sale at a listing price of $132,000. The marital home is presently under foreclosure and it is not known at this time whether a private sale or a judgment of foreclosure will first occur.
2. The plaintiff shall have exclusive use, occupancy and possession of said premises until the premises are sold at a private sale or otherwise disposed of through the pending foreclosure lawsuit, docket #CV97 0058021S, Karin May v.Christopher May and Michele May.
3. Upon the sale of the property through a private sale, after the payment of the mortgage, taxes, real estate commission, attorney's fees and usual closing costs, the net proceeds, if any, shall be equally divided between the parties.
Any shortfall shall be the sole responsibility of the defendant and he shall hold the plaintiff harmless from any and all liability. Said payment of the shortfall by the defendant shall be considered as support and maintenance for the plaintiff and shall not be discharged in bankruptcy by the defendant.
4. In the event a judgment of foreclosure is entered, the defendant shall be responsible for any deficiency, including any unpaid taxes, and shall hold the plaintiff harmless therefrom. Said obligation of the defendant shall be considered as support and maintenance for the plaintiff and shall not be discharged in CT Page 7388 bankruptcy by the defendant.
5. The court shall retain jurisdiction over any dispute relating to the private sale of the marital home.
6. The plaintiff shall not be responsible for any mortgage payments, taxes or insurance while she occupies the premises.
7. The plaintiff shall be responsible to pay all utilities including water so long as she occupies the premises.
ALIMONY
1. The plaintiff is awarded alimony in the amount of $1 per year for a period of three years, or her death, remarriage or cohabitation as defined by statute or the death of the defendant, whichever event shall first occur. A period of three years will give the plaintiff an opportunity to establish herself in her career and at that time the younger child should be in school full time. The plaintiff's present employment provides for day care for the younger minor child. Said term of alimony shall be non-modifiable
2. Said alimony shall be modifiable in the event the mortgagor, Karin May, pursues the plaintiff for any deficiency or shortfall arising out of the foreclosure action or pursues the plaintiff for reimbursement of any funds or loans made to the plaintiff.
3. At such time as the plaintiff is no longer residing at 147 Bryan Hill Road, Milford, there shall be a second look at the award of periodic alimony.
PERSONAL PROPERTY
1. The plaintiff shall retain the personal property and furnishings currently located in the family home except for those items the defendant requested including a bureau and dresser, cedar chest and his personal belongings and the piano.
2. The plaintiff shall transfer to the defendant her interest in the 1985 Chrysler motor vehicle currently in the defendant's possession. The defendant shall be responsible for the liability insurance on said motor vehicle CT Page 7389
MEDICAL COVERAGE
The defendant shall maintain the medical coverage as is available through his employment for the benefit of the minor children. Any unreimbursed medical/dental expenses shall be equally divided between the parties.
LIFE INSURANCE
The defendant shall name the minor children as beneficiaries on his existing life insurance policy, which is in the amount of $90,000 (ninety thousand dollars), for so long as he has an obligation for support of the minor children. This provision shall be modifiable.
TAX EXEMPTION
The defendant shall be entitled to claim the minor child Victoria as a dependent for income tax purposes for the year 1997 and thereafter provided he is current with the child support obligation as of December 31.
TAX RETURN
The parties agreed to file a joint income tax return for the year 1996. The parties shall cooperate in obtaining and furnishing the necessary documents and statements so that the 1996 tax return can be promptly filed. Any refund shall be equally divided between the parties; any deficiency shall be equally shared between the parties.
DEBTS
1. The plaintiff shall be responsible for the following debts as reflected on her financial affidavit dated July 19, 1997 and shall hold the defendant harmless:
 Discover Card; J.C. Penney; The Limited: Linda Zunda, LMFT; Her education loans.
2. The defendant shall be responsible for the following debts as reflected on his financial affidavit dated July 17, 1997 and CT Page 7390 shall hold the plaintiff harmless:
 Webster Credit Card; Fleet Loan; Karin May; Trinity Day Care; Coughlin Malone; Jennifer Shail, LMFT.
3. The parties shall be jointly responsible for the following debts:
 Orange Pediatrics $ 120 Hartford Hospital $ 530 New Haven Ob-Gyn $ 170 Dr. Arikel $2811
4. The plaintiff shall be responsible for the remaining debts as shown on her financial affidavit unless otherwise disposed of herein.
5. The defendant shall be responsible for the remaining debts as shown on his financial affidavit unless otherwise disposed of herein.
6. The defendant shall be responsible for any and all indebtedness owed to his mother Karin May and shall hold the plaintiff harmless thereon
7. The property taxes, sewer fees and lien fees have already been addressed with respect to the real estate.
ARREARS
1. The court finds the defendant in arrears on the pendente lite order with respect to the mortgage payments in the amount of $850. Said sum shall be paid forthwith to the mortgage holder.
2. The court finds the defendant in arrears on the pendente lite order with respect to the order of $70 per week for a period of two weeks or $140. Said arrearage of $140 shall be paid within 30 days of date.
COUNSEL FEES
CT Page 7391
No counsel fees are awarded to either party.
Coppeto, J.